# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **DERRICK L. CATHEY #17-42311** | § | |
| | § | |
| **V.** | § | A-17-CA-1223-SS |
| | § | |
| **FNU McDONALD** | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

TO:    THE HONORABLE SAM SPARKS
        UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Before the Court is Plaintiff's complaint. Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

## STATEMENT OF THE CASE

At the time he filed his complaint pursuant to 42 U.S.C. § 1983, Plaintiff was confined in the Travis County Correctional Complex ("TCCC"). Plaintiff alleges on December 25, 2017, Travis County officers at the TCCC performed a shakedown of his pod. Prior to the shakedown, Plaintiff asserts he approached Officer McDonald and informed the officer that three of his gold teeth had been knocked loose earlier and he had them in his pocket. He explained he was awaiting a dental appointment to have them reinserted. According to Plaintiff, Officer McDonald said he would hang onto them and place them back in Plaintiff's cell under his mat. After Plaintiff returned to his cell, Plaintiff asserts he was only able to find one. Plaintiff asserts he notified Officer Banks, who

allegedly phoned Officer McDonald. Officer McDonald indicated he may have put them in another cell under someone else's mattress. Plaintiff describes the "mouth jewelry" as "22kg with 1.2 karat diamond clusters rose gold" valued at $225 each. Plaintiff sues Officer McDonald and seeks damages in the amount of $675.00.

DISCUSSION AND ANALYSIS

A. Standard Under 28 U.S.C. § 1915(e)

An in forma pauperis proceeding may be dismissed sua sponte under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from suit. A dismissal for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer. Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986).

When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible. Haines v. Kerner, 404 U.S. 519 (1972). However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." Farguson v. MBank Houston, N.A., 808 F.2d 358, 359 (5th Cir. 1986).

B. Property Claims

Plaintiff's procedural due process claims are barred by the Parratt/Hudson doctrine. See Parratt v. Taylor, 451 U.S. 527, 541–44 (1981), overruled in part by Daniels v. Williams, 474 U.S. 327, 330–31 (1986); Hudson v. Palmer, 468 U.S. 517, 533 (1984). Under the Parratt/Hudson doctrine, a deprivation of property—whether negligent or intentional—by state officials that is random and unauthorized does not rise to the level of a procedural due process violation if state law

provides an adequate post-deprivation remedy. Myers v. Klevenhagen, 97 F.3d 91, 94 (5th Cir. 1996); Brooks v. George County, Miss., 84 F.3d 157, 165 (5th Cir. 1996). "The doctrine is meant to protect the state from liability for failing to provide pre-deprivation process in situations where it cannot anticipate the need for such process (when actions are random and unauthorized)." Brooks, 84 F.3d at 165 (hyphen added; parenthetical in original). The Fifth Circuit has further clarified that the doctrine applies when the state provides adequate post-deprivation remedies and: (1) the deprivation was unpredictable or unforeseeable; (2) pre-deprivation process would have been impossible or impotent to counter the state actors' particular conduct; and (3) the conduct was unauthorized in the sense that it was not within the officials' express or implied authority. Caine v. Hardy, 943 F.2d 1406, 1413 (5th Cir. 1991) (en banc). In Texas, having the right to bring suit for conversion generally constitutes an adequate post-deprivation remedy. Murphy v. Collins, 26 F.3d 541, 543 (5th Cir. 1994). The burden is on the plaintiff to show that the State's post-deprivation remedy is not adequate. Myers, 97 F.3d at 94. One way in which the plaintiff can do this is to show that the state courts denied his claim for some reason other than lack of merit. Thompson v. Steele, 709 F.2d 381, 383 n.3 (5th Cir. 1983).

Plaintiff does not allege that his property was taken by anyone acting pursuant to any official policy, custom, or procedure. Rather, his factual allegations describe a random and unauthorized act. Because Plaintiff has an adequate remedy at law in state court, his § 1983 claim with respect to the loss of his property is without a legal basis and subject to dismissal.

## RECOMMENDATION

It is therefore recommended that Plaintiff's complaint be dismissed with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e).

It is further recommended that the Court include within its judgment a provision expressly and specifically warning Plaintiff that filing or pursuing any further frivolous lawsuits may result in (a) the imposition of court costs pursuant to Section 1915(f); (b) the imposition of significant monetary sanctions pursuant to Fed. R. Civ. P. 11; (c) the imposition of an order barring Plaintiff from filing any lawsuits in this Court without first obtaining the permission from a District Judge of this Court or a Circuit Judge of the Fifth Circuit; or (d) the imposition of an order imposing some combination of these sanctions.

It is further recommended that Plaintiff be warned that if Plaintiff files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, then he will be prohibited from bringing any other actions in forma pauperis unless he is in imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

In the event this Report and Recommendation is accepted, adopted or approved, it is recommended that the Court direct the Clerk to e-mail a copy of its order and judgment to the keeper of the three-strikes list.

## OBJECTIONS

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained within this report within 14 days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest

injustice. Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc); Thomas v. Arn, 474 U.S. 140, 148 (1985); Rodriguez v. Bowen, 857 F.2d 275, 276-277 (5th Cir. 1988).

SIGNED this 5th day of April, 2018.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE